**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **CHEYANNE McCUNE,** | ) | Case No. 5:07 CV 2464 |
| | ) | |
| Plaintiff, | ) | Judge Dan Aaron Polster |
| | ) | |
| vs. | ) | |
| | ) | |
| **MICHAEL J. ASTRUE,** | ) | **MEMORANDUM OF** |
| **COMMISSIONER OF SOCIAL** | ) | **OPINION AND ORDER** |
| **SECURITY,** | ) | |
| | ) | |
| **Defendant.** | ) | |

Pending is Plaintiff Cheyanne McCune's Complaint seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying McCune Social Security disability insurance benefits. (ECF No. 1.) Before the Court is the Report and Recommendation ("R&R") of Magistrate Judge David S. Perelman, in which the Magistrate recommends that the Commissioner's decision be affirmed. **(ECF No. 16.)** For the reasons set forth below, the Court **OVERRULES** McCune's Objections, **ADOPTS** the Report and Recommendation in full, and **AFFIRMS** the Commissioner's final decision denying disability benefits to McCune.

## I. BACKGROUND

Plaintiff Cheyanne McCune filed this action seeking judicial review of a final decision of the Commissioner, rendered by an Administrative Law Judge ("ALJ"),[1] finding that McCune was not disabled and denying disability insurance benefits pursuant to the Social Security Act, 42 U.S.C. §§ 405(g), 416(i), 423. The appeal was referred to Magistrate Judge Perelman for preparation of an R&R. On June 19, 2008, the Magistrate Judge issued an R&R recommending that the Commissioner's decision be affirmed. (ECF No. 16.) The Magistrate Judge thoroughly examined the underlying facts and evidence in the record and concluded that the ALJ's decision was supported by substantial evidence. (*Id.* at 9.)

On July 3, 2008, McCune filed Objections to the R&R (the "Objections"). (ECF No. 17.) McCune contends that the decision of the ALJ is not supported by substantial evidence in the record for two reasons:

> 1. Because the final Residual Functional Capacity ("RFC") assigned by the ALJ does not match the hypothetical posed to the Vocation Expert ("VE"), the ALJ's decision is not supported by substantial evidence.
>
> 2. The VE did not explain a reason as to why his testimony conflicted with the [Dictionary of Occupational Titles] ("DOT"), and cannot be used to support the ALJ's finding.

(Pl.'s Objections 1.) She urges the Court to reject the decision of the Magistrate Judge and reverse and remand the matter for further development. (*Id.* at 3.)

On July 18, 2008, the Commissioner filed a Response to McCune's Objections ("Response"). (ECF No. 18.) The Commissioner makes two arguments: 1) McCune waived the

---

[1] The ALJ issued his decision on December 6, 2006. On June 15, 2007, the Appeals Council denied McCune's request for review, making the ALJ's decision the final decision of the Commissioner.

arguments in her Objections by not making them in the merit brief; and 2) the decision of the ALJ is supported by substantial evidence. (Def.'s Resp. 2.) He urges the Court to deny the objections either as waived or on the merits, adopt the Magistrate Judge's R&R, and affirm the ALJ's decision. (*Id.* at 5.)

## II. LAW AND ANALYSIS

### A. Substantial Evidence Standard

To establish entitlement to disability benefits, a claimant must prove that he or she cannot perform "substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 20 C.F.R. § 416.905 (1992); *Murphy v. Sec. of Health and Human Servs.*, 801 F.2d 182, 185 (6th Cir. 1986); *Richardson v. Heckler*, 750 F.2d 506, 509 (6th Cir. 1984).

Judicial review of the decision of the Commissioner is limited to determining whether there is substantial evidence in the record to support the ALJ's findings. *Hephner v. Mathews*, 574 F.2d 359 (6th Cir. 1978). In resolving the issue of whether the Commissioner's final determination is supported by substantial evidence, the decision upon judicial review cannot turn upon whether the reviewing court agrees with the Commissioner's determination. Indeed, the reviewing court may conclude that substantial evidence would support a final determination contrary to that arrived at the defendant and yet be obligated to affirm the defendant's final determination. In *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986), the

Court cited with approval the following from *Baker v. Heckler*, 730 F.2d 1147, 1150 (8th Cir. 1984):

> The substantial evidence standard allows considerable latitude to administrative decision makers. It presupposes that there is a zone of choice within which the decision makers can go either way, without interference by the courts. An administrative decision is not subject to reversal merely because substantial evidence would have supported an opposite decision.

*Mullen*, 800 F.2d at 545.

Thus, if the ALJ's findings are supported by substantial evidence, this Court must affirm the ALJ's decision, even if the evidence could support a contrary decision. *Casey v. Sec. of Health and Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993) (*per curiam*).

**B. McCune's Objections Are Waived**

In a detailed and thoughtful R&R, the Magistrate Judge concluded that each of McCune's arguments lacked merit, the decision of the ALJ is supported by substantial evidence, and judgment should be entered for the Commissioner. (R&R at 9.) McCune filed timely Objections.

In his Response, the Commissioner contends that McCune waived the arguments in her Objections by failing to include them in her merit brief to the Magistrate Judge. (Response at 2.) In her merit brief, McCune presented the following four issues:

1. Did the ALJ err by finding an incorrect residual functional capacity?

2. Did the ALJ err by not having a psychiatrist present to testify with respect to the plaintiff's non-exertional limitations?

3. Did the ALJ err by adopting the vocational expert's testimony which is not supported by substantial evidence?

4. Did the ALJ err by finding that the claimant was not fully credible?

4

(ECF No. 13, Pl.'s Merit Br.1.) Upon careful review, the Court finds that the arguments presented in McCune's Objections were not raised in her merit brief. Accordingly, the arguments McCune presented in her Objections to the Magistrate Judge's R&R are "new."

It is well settled in the Sixth Circuit that parties may not raise new arguments or issues at the district court stage that were not presented to the Magistrate Judge. *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001); *Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). Because these arguments were not presented to the Magistrate Judge for consideration, the Objections are waived. Therefore, the Court declines to address the arguments raised in the Objections, and affirms the Magistrate Judge's R&R.

**C. Substantial Evidence Supports the Commissioner's Final Decision**

Moreover, even if McCune had not waived the arguments presented in her Objections, the Court would deny them on the merits. If the Objections were not waived, the Court would conduct *de novo* review of them. See Fed. R. Civ. P. 72(b). Assuming *arguendo* that the Court reviewed the Objections *de novo*, McCune's arguments would still be overruled.

McCune first argues that the ALJ's hypothetical question to the vocational expert ("VE") did not accurately portray her individual physical and mental impairments. Specifically, McCune attempts to contrast the ALJ's hypothetical limitation of no "production rate piece work," (R. at 269), against the finding that she was unable to work with "production quotas," (R. at 13). McCune contends that these are two separate limitations, and therefore the ALJ's failure to ask the hypothetical question relating to "production quotas" means the ALJ's decision is not supported by substantial evidence. The Commissioner argues that the two terms are materially the same in that both relate to employment tied to the rate of production.

5

In this context, the two phrases mean materially the same thing. The RFC noted that McCune could perform and sustain routine, repetitive types of job tasks. (R. at 13.) The concern was that she would do better if she did not have to work at a faster pace. (*Id.*) This RFC goes not to the *type* of work, but rather to the *speed* at which an employer would expect it to be done. Because they mean the same thing, the hypothetical and the RFC match. Thus, the ALJ did not err in posing the hypothetical question to the vocational expert.

McCune's second objection contends that the ALJ erred by failing to provide an adequate explanation regarding the conflict between the VE's testimony and the language of the DOT. Arguing that the ALJ violated SSR 00-04p, McCune notes that the Commissioner issued SSR 00-04p after the case upon which the Magistrate Judge relies to dismiss her argument. *Compare* SSR 00-04p (2000) *with Matelski v. Comm'r of Soc. Sec.*, 1998 U.S. App. LEXIS 14722, 1998 WL 381361 (6th Cir. 1998).

Although McCune is correct that SSR 00-04p post-dates *Matelski*, her reliance on SSR 00-04p is nevertheless misplaced. The rule states in relevant part:

> before relying on [VE] evidence to support a disability determination or decision, our adjudicators must: identify and obtain a reasonable explanation for any conflicts between occupational evidence provided by [VEs] and information in the [DOT] and explain in the determination or decision how any conflict that has been identified was resolved. . . . The adjudicator must resolve the conflict by determining if the explanation given by the [VE] is reasonable and provides a basis for relying on the [VE] testimony rather than on the DOT information. . . . When a [VE] provides evidence about the requirements of a job or occupation, the adjudicator has an affirmative responsibility to ask about any possible conflict between that [VE] evidence and information provided in the DOT.

SSR 00-04p. Put simply, the ALJ must ask the VE if the evidence presented conflicts with information provided in the DOT, and if it does, the ALJ must obtain a reasonable explanation for the conflict.

6

Here, the ALJ met the obligation imposed by SSR 00-04p. At the administrative hearing, the ALJ posed to the VE a hypothetical describing in great detail a person with McCune's limitations and asked whether there are jobs that exist in significant numbers in the national or regional economy that the hypothetical worker could do. (R. at 268-69.) The VE responded affirmatively, opining that, with the limitations provided by the ALJ, the hypothetical worker could do bench assembly (DOT 706.684-022), but not all jobs within that occupation (accounting for specific limitations, the VE testified there were 400 jobs in northeast Ohio and 70,000 nationally); wire worker (DOT 728.684-022) (500 jobs in northeast Ohio and 70,000 nationally); and final assembler (DOT 713.687-018) (800 jobs in northeast Ohio and 120,000 nationally). (R. at 270.)[2]

The ALJ then inquired whether the VE's testimony was "consistent with the definitions in the [DOT]." (R. at 271.) The VE answered "yes." (*Id.*) The ALJ pressed further, asking "[a]nd has it been modified at all by your own experience?" (*Id.*) The VE responded, "[w]ell, it has. The [DOT] does not give numbers of employment. That information comes from my own experience combined with information from United Stat Publishing and other sources which use the Department of Labor and Department of the Census Statistics." (R. at 271.)

After this exchange between the ALJ and the VE, McCune asked the VE a few questions – mostly about what a bench assembler does. (*Id.*) The VE explained that the bench assemblers do not build benches, rather they work at a table (a/k/a a "bench" or "work-bench") putting together subassemblies, electronics, mechanical parts, and the like. (R. at 271-72.) The

---

[2] As the Magistrate Judge noted, on review McCune does not argue that these numbers fail to satisfy the "significant numbers" requirement of 20 CFR § 416.961(c)(2). (R&R 7 n.2.)

7

VE clarified that this was an "unskilled" job and "the people that do these jobs learn the job with just a few demonstrations." (R. at 272.)

Like the exchange between the ALJ and the VE in *Martin v. Comm'r of Soc. Sec*, 170 F. App'x 369, 374 (6th Cir. 2006) (unpublished), the ALJ here asked the VE if there was a conflict and the VE responded there was not. In *Martin*, there was a conflict between the VE's testimony and the DOT, but Martin did not bring this discrepancy to the ALJ's attention. Martin first raised the issue that a discrepancy existed when filing the claim in the district court. Noting that SSR 00-04p places an affirmative duty on the ALJ to conduct an independent investigation into the testimony of witnesses to determine if they are correct, the Sixth Circuit held:

> [t]he ALJ's finding that a significant number of jobs existed for Martin is also supported by substantial evidence because the uncontradicted testimony of the vocational expert identified three potential positions with a significant number of jobs available. Once the ALJ asked the vocational expert if her testimony was consistent with the DOT, the ALJ satisfied its requirements under SSR 00-04p. It was Martin's duty . . . to present her case to the ALJ.

*Id.* at 375.

Here, because McCune never brought any possible conflict to the attention of the ALJ, the ALJ did not have to explain how the conflict was resolved. The ALJ inquired of the VE whether the VE's testimony conflicted with the DOT. (R. at 271.) When the VE answered that there was no conflict, (*id.*), the ALJ fulfilled his obligation under the Ruling. As far as the ALJ understood, there was no conflict. Thus, under SSR 00-04p the ALJ was entitled to rely on

the VE's testimony. Accordingly, even if there was a conflict[3] the ALJ did not violate Ruling 00-04p.

### III. CONCLUSION

Because McCune's Objections were not made in her merits brief, they are waived. Accordingly, McCune's Objections are hereby **OVERRULED**. Moreover, even with a *de novo* review, the Commissioner's final decision finding that McCune was not disabled and denying McCune's application for disability insurance benefits is supported by substantial evidence in the record.

The Court hereby **ADOPTS** in full the Magistrate Judge's well-written and thorough Report and Recommendation, and **AFFIRMS** the Commissioner's final decision that McCune is not entitled to disability insurance benefits.

**IT IS SO ORDERED.**

                               */s/ Dan Aaron Polster   August 8, 2008*
                               **Dan Aaron Polster**
                               **United States District Judge**

---

[3] This Court declines to reach the issue of whether or not the VE's testimony actually conflicted with the DOT. As noted above, regardless of whether or not there was actually a conflict, McCune's objection that the ALJ erred fails.